IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

LEO TURNER,

       Plaintiff,

v.

ADVANTAGE N.W. CREDIT UNION
and BETTY JOE

       Defendants,

11-CV-563-BR

OPINION AND ORDER


LEO TURNER
10211 N. Lombard Street Apt. 4
Portland, OR 97203
(503) 752-7297

       Plaintiff, *Pro Se*

1 - OPINION AND ORDER

**BROWN, Judge.**

IT IS ORDERED that the provisional *in forma pauperis* status given Plaintiff Leo Turner is confirmed.  For the reasons set forth below, however, the Court **DISMISSES** Plaintiff's Complaint without service of process on the ground that Plaintiff fails to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(e).  The Court also **DENIES** Plaintiff's Motion (#3) for Appointment of Pro Bono Counsel.

## BACKGROUND

Plaintiff brings this action *pro se*.  Plaintiff alleges: "United-State-Code [*sic*] Title 18 Chapter 47 a False statements [*sic*] made in reference to the money deposit of my money [*sic*] made to the NW Credit Union; Fraud 13.44 Fraud Chapter 63 US Code."

## STANDARDS

When a party is granted leave to proceed *in forma pauperis*, the court shall dismiss the case at any time if the court determines "the action . . . (ii) fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2).  Dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim is proper only if the pleadings fail to allege enough facts to demonstrate a plausible entitlement to relief.  *Bell Atlantic*

2 - OPINION AND ORDER

*v. Twombly*, 127 S. Ct. 1955, 164-65 (2007).

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic v. Twombly*, 550 U.S. 554,] 570, 127 S. Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. . . . The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557, 127 S. Ct. 1955 (brackets omitted).

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The court must accept as true the allegations in the complaint and construe them in favor of the plaintiff. *Intri-Plex Tech., Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1050 n.2 (9th Cir. 2007).

Even after *Iqbal* and *Twombly*, the Ninth Circuit has held complaints of individuals who are proceeding *pro se*

> must be held to less stringent standards than formal pleadings drafted by lawyers, as the Supreme Court has reaffirmed since *Twombly*. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007)(per curiam). *Iqbal* incorporated the *Twombly* pleading standard and *Twombly* did not alter courts' treatment of *pro se* filings; accordingly, we continue to construe *pro se* filings liberally when evaluating them under *Iqbal*.

*Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010). Accordingly, before the court dismisses a *pro se* complaint for failure to state a claim, the court must provide the plaintiff

3 - OPINION AND ORDER

with a statement of the complaint's deficiencies and give the plaintiff leave to amend the complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *Rouse v. United States Dep't of State*, 548 F.3d 871, 881-82 (9th Cir. 2008).

## DISCUSSION

### I.   Dismissal of Complaint

Even viewing the allegations of Plaintiff's Complaint in the light most favorable to Plaintiff, the Court concludes Plaintiff's Complaint fails to include enough factual matter to state a claim for relief.  The Court is unable to determine from Plaintiff's Complaint the fraudulent acts in which Defendants allegedly engaged.

In addition, the Court notes Title 18, Chapter 47, of the United States Code relates to "use of aircraft or motor vehicles to hunt certain wild horses or burros; pollution of watering holes."  That provision does not appear to relate to Plaintiff's concerns about alleged "false statements."

Finally, to the extent that Plaintiff intends to assert a claim for fraud against Defendants, the Court advises Plaintiff that Federal Rule of Civil Procedure 8(a) generally provides that a pleading setting forth a claim must contain "a short and plain statement of the claim showing the pleader is entitled to

4 - OPINION AND ORDER

relief."  "Rule 8's liberal notice pleading standard . . . requires that the allegations in the complaint give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Tribble v. Raytheon Co.*, No. 09-56669, 2011 WL 490992, at *1 (9th Cir. Feb. 14, 2011).

With respect to allegations of fraud, however, Federal Rule of Civil Procedure 9(b) requires all allegations of fraud to be stated "with particularity."  In order to satisfy the additional burdens imposed by Rule 9(b), the plaintiff must allege, at a minimum, "the time, place and nature of the alleged fraudulent activities."  *Tok Cha Kim v. CB Richard Ellis Haw., Inc.*, 288 F. App'x 312, 315 (9th Cir. 2008)(citation omitted).  Here Plaintiff's Complaint does not contain any factual allegations as to the time, place, and nature of the alleged fraudulent activities of Defendants and, therefore, does not meet the requirements of Federal Rule of Civil Procedure 9(b).  Accordingly, the Court dismisses Plaintiff's Complaint without service of process on the ground that Plaintiff fails to state a claim upon which relief may be granted.

**II.  Motion for Appointment of *Pro Bono* Counsel**

Generally there is no constitutional right to counsel in a civil case.  *United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986).  *See also Zamora v. Smith*, 267 F. App'x 602, 605 (9th Cir. 2008)(same).  "A court has discretion to appoint

counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1), but an appointment of counsel should only be granted under 'exceptional circumstances.'" *Id*. (quoting *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004)). The Court does not have the power to make a mandatory appointment in a civil case. *Mallard v. U.S. Dist. Ct. of Iowa*, 490 U.S. 296, 301-08 (1989).

To determine whether exceptional circumstances exist, this Court must "consider the litigant's likelihood of success on the merits as well as the ability of the litigant to articulate his claims *pro se* in light of the complexity of the legal issues involved in the case." *Id*. (citing *Agyeman*, 390 F.3d at 1103). "Neither of these factors is dispositive, [however,] and both must be viewed together before reaching a decision on request of counsel under [former] section 1915(d)." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Here Plaintiff has not established any likelihood of success on the merits because, as noted, he has failed to set out facts supporting any claim. In addition, it is not clear that the legal issues in this matter are significantly complicated to such and extent that Plaintiff cannot articulate his claims. The Court, therefore, concludes Plaintiff has not established exceptional circumstances exist in this matter to warrant appointment of counsel.

6 - OPINION AND ORDER

## CONCLUSION

For these reasons, the Court **DENIES,** Plaintiff's Motion (#3) for Appointment of Pro Bono Counsel, **GRANTS** Plaintiff's Application to Proceed *In Forma Pauperis* (#1), and **DISMISSES** Plaintiff's Complaint **without prejudice**.

Plaintiff may file an amended complaint to cure the deficiencies noted above **no later than June 20, 2011.** The Court advises Plaintiff that failure to file an amended complaint by June 20, 2011, shall result in the dismissal of this proceeding with prejudice.[1]

IT IS SO ORDERED.

DATED this 2nd day of June, 2011.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

---

[1] A dismissal with prejudice would mean Plaintiff may not be able to bring his claims or related claims against Defendants in any future action.

7 - OPINION AND ORDER