IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


LEO TURNER,                                    3:11-CV-00563-BR

          Plaintiff,
                                               OPINION AND ORDER
v.

ADVANTAGE N.W. CREDIT UNION
and BETTY JOE,

          Defendants.


CARL R. NEIL
Lindsay Hart Neil & Weigler, LLP
1300 S.W. Fifth Avenue
Suite 3400
Portland, OR 97201
(503) 226-7677

          Attorneys for Plaintiff

1 - OPINION AND ORDER

**MILES D. MONSON**
Anderson & Monson, PC
Park Plaza West
10700 S.W. Beaverton-Hillsdale Highway
Suite 460
Beaverton, OR 97005
(503) 646-9230

      Attorneys for Defendants

**BROWN, Judge.**

    This matter comes before the Court on Defendants' Motion
(#26) to Dismiss.  For the reasons that follow, the Court **GRANTS**
Defendants' Motion.


<u>BACKGROUND</u>

    On May 9, 2011, Plaintiff Leo Turner filed this action *pro
se* alleging:  "United-State-Code [*sic*] Title 18 Chapter 47 a
False statements [*sic*] made in reference to the money deposit of
my money [*sic*] made to the NW Credit Union; Fraud 13.44 Fraud
Chapter 63 US Code."

    On June 3, 2012, the Court entered an Opinion and Order
confirming Plaintiff's provisional *in forma pauperis* status and
dismissing Plaintiff's Complaint based on (1) Plaintiff's failure
to comply with Federal Rules of Civil Procedure 8(a) and 9(b) and
(2) the statutory provision on which Plaintiff relied did not
appear to relate to Plaintiff's allegations of false statements.
The Court, however, granted Plaintiff leave to file an Amended

2 - OPINION AND ORDER

Complaint to cure the deficiencies noted in the Court's Opinion
and Order.

On June 15, 2011, Plaintiff filed an Amended Complaint
against United Advantage NW Credit Union and Betty Joe in which
he alleges:

> On February 24, 2008, I, Leo Turner,
> deposited into my account, #154100400 2 EO, at
> United Advantage NW Federal Credit Union (the
> credit union), the sum of $4,000.00.  I was then
> given a receipt (see Exhibit 1), which reflects
> this deposit.
>
> On the same day, 03-03-08 [*sic*] I returned to
> the credit union and obtained a money order in the
> amount of $400.00, leaving me with a balance of
> $3,600.00 in my account (see Exhibit 2).
>
> On February 25, 2008, I again returned to the
> credit union for the purpose of obtaining another
> money order.  At that time, I was informed that
> there was no money left in my account.  This was
> untrue, as I should have had a balance of
> $3,600.00 left.  I asked for proof or
> documentation, and I was presented with a
> statement from the credit union (see Exhibit 3).
> The statement issued from the credit union is
> false.  I did not withdraw the amounts shown on
> the statement.  The money orders reflected on the
> statement were not obtained by me.  The signature
> on the statement is a forgery and is not mine.  I
> had ample funds (see Exhibit 4), which are now
> missing; and the only supporting documentation the
> credit union is able to supply me with is a false
> statement.
>
> In conclusion, the credit union issued me a
> false statement.  The money orders reflected on
> the statement are not what I withdrew, and I don't
> know anything about the items on that statement.
> The signature on the statement is not my
> signature, and I believe the credit union placed a
> false signature on it to cover up the loss of my

money.  I am seeking a return of my funds.

Am. Compl. at 2.

On August 11, 2011, the Court entered an Order appointing *pro bono* counsel to represent Plaintiff.

On November 10, 2011, Defendants filed a Motion to Dismiss Plaintiff's Amended Complaint on the grounds that the Court lacks subject-matter jurisdiction and Plaintiff's claims are time-barred.

## STANDARDS

Plaintiff has the burden to establish that the court has subject-matter jurisdiction. *Kingman Reef Atoll Inv., L.L.C. v. United States*, 541 F.3d 1189, 1197 (9th Cir. 2008).

When deciding a motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the court may consider affidavits and other evidence supporting or attacking the complaint's jurisdictional allegations. *Autery v. U.S.*, 424 F.3d 944, 956 (9th Cir. 2005).  When the court receives only written submissions, "the plaintiff need only make a *prima facie* showing of jurisdiction." *Mavrix Photo, Inc. v. Brand Tech., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011).

## DISCUSSION

Federal courts are courts of limited jurisdiction and are

4 - OPINION AND ORDER

not empowered to hear every dispute presented by litigants.  *See*
*A-Z Intern. v. Phillips,* 323 F.3d 1141, 1145 (9th Cir. 2003)("It
is fundamental to our system of government that a court of the
United States may not grant relief absent a constitutional or
valid statutory grant of jurisdiction.  A federal court is
presumed to lack jurisdiction in a particular case unless the
contrary affirmatively appears.")(quotations omitted)).
"[District courts] are courts of limited jurisdiction.  They
possess only that power authorized by Constitution and statute."
*Exxon Mobil Corp. v. Allapattah Serv., Inc.*, 544 U.S. 280, 289
(2005).  Original jurisdiction in this Court must be based on
either diversity of citizenship in cases involving more than
$75,000 in damages between citizens of different states or on a
claim based on the United States Constitution, laws, or treaties
of the United States.  *See* 28 U.S.C. §§ 1331, 1332.

To establish diversity jurisdiction in this Court, Plaintiff
must allege he resides in the State of Oregon, each Defendant
resides in another state, and Plaintiff seeks damages of more
than $75,000.  In the alternative, Plaintiff may establish
diversity jurisdiction by alleging each Defendant is a resident
of Oregon, Plaintiff is a resident of another state, and
Plaintiff seeks damages of more than $75,000.

Here Plaintiff alleges only $3,600 in controversy.  In
addition, Defendants note in their Motion that Defendant Betty

Joe is a resident of Oregon and Defendant United Advantage NW Credit Union is a cooperative association with its principal place of business in Oregon, the majority of its members operate in Oregon, and the majority of its activities take place in Oregon.  Accordingly, the Court concludes Plaintiff has not established diversity jurisdiction exists in this matter.

In addition, Plaintiff does not allege any basis for federal-question jurisdiction, and Plaintiff's counsel advises the Court in Plaintiff's Response to Defendant's Motion that "no legal authority for [Plaintiff's] view [that this Court has jurisdiction] has been communicated to appointed counsel." Accordingly, the Court concludes Plaintiff has not established this Court has federal-question jurisdiction.

In the alternative, Defendants assert Plaintiff's claims are barred by the applicable statute of limitations.  Because this Court has determined it lacks jurisdiction, the Court does not need to address the limitations issue.

### CONCLUSION

For these reasons, the Court **GRANTS** Defendants' Motion (#26) to Dismiss for lack of subject-matter jurisdiction and **DISMISSES**

6 - OPINION AND ORDER

this matter **without prejudice**

IT IS SO ORDERED.

DATED this 17th day of February, 2012.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge